**CARMAGNOLA & RITARDI, LLC**
Domenick Carmagnola, Esq. (038951988)
Anthony J. Vinhal, Esq. (021332001)
60 Washington Street
Morristown, NJ  07960
(973) 267-4445
(973) 267-4456 (FAX)
Attorneys for Defendants,
City of Newark, Municipal Council of the City of Newark and Keisha Daniels

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VANESSA WILLIAMS POWELL,<br><br>               Plaintiff,<br><br>  -vs-<br><br>CITY OF NEWARK, MUNICIPAL COUNCIL OF THE CITY OF NEWARK, PRESIDENT MILDRED CRUMP, JUDGE VICTORIA PRATT, MAYOR RAS BARAKA, KEISHA DANIELS, JOHN DOES (1-10), JANE DOES (1-10) ABC CORP. (1-10), ABC GOVERNMENTAL ENTITY (1-10), Jointly, Individually, Severally,<br><br>               Defendants. | Civil Action No.<br><br><br>Civil Action<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(c)** |

TO:  THE CLERK OF THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

     Pursuant to 28 U.S.C. §1441 et seq., Defendants, City of Newark, Municipal Council of the City of Newark and Keisha Daniels ("Defendants"), hereby remove this civil action from the Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-004727-18, to the United States District Court for the District of New Jersey.

     In support of this Notice of Removal, Defendants state as follows:

     1.    On July 9, 2018, Plaintiff, Vanessa Williams Powell ("Plaintiff"), filed a Complaint styled *Vanessa Williams Powell vs. City of Newark, et als.,* Docket No. ESX-L-004727-18, in the Superior Court of New Jersey, Law Division, Essex County (the

"Complaint"), The Complaint seeks relief for wrongful termination, breach of implied covenant of good faith and fair dealing, violation of Law Against Discrimination of N.J.S.A. 10:5-1, et seq., defamation per se and invasion of privacy as to Defendant Judge Pratt, defamation per se and invasion of privacy as to Defendant Mayor Baraka, intentional infliction of emotional distress, violation of New Jersey Law Civil Rights Act, N.J.S.A. 10:6-1, et seq. and violations of the Fourteenth Amendment to the Constitution of the United States. A true and correct copy of the Complaint is attached to this Notice, as **Exhibit 1**.

2.      On July 9, 2018, the Plaintiff's law firm issued a Summons addressed to Defendant City of Newark and the Municipal Council of the City of Newark, at 920 Broad Street, Newark, New Jersey 07102. A true and correct copy of the Summons addressed to Defendant, City of Newark, is attached to this Notice, as **Exhibit 2.**

3.      On July 9, 2018, the Plaintiff's law firm issued a Summons addressed to Defendant Keisha Daniels, at 920 Broad Street, Newark, New Jersey 07102. A true and correct copy of the Summons addressed to Defendant, Keisha Daniels, is attached to this Notice, as **Exhibit 3.**

4.      In accordance with 28 U.S.C. §1446(b)(3), this Notice of Removal is timely filed within thirty (30) days after Defendants received a copy of the Plaintiff's Summons and Complaint.

5.      Defendants are entitled to remove this action pursuant to 28 U.S.C. §1331 because federal question jurisdiction exists as Plaintiff has raised claims under the laws of the United States, namely, the right to equal protection  under the Fourteenth Amendment to the Constitution of the United States. Removal of the entire action is appropriate because "the action would be removable without the inclusion of the [State law claims]." See 28 U.S.C. §1441(c)(1)(B).

6.      Venue is proper in this district under 28 U.S.C. §1441(a) in that this district and vicinage embrace the place where the removed action has been pending.

7.      A written notice of the filing of this petition for removal will be given to all adverse parties promptly after filing of this Notice of Removal.

8.      A true and correct copy of this Notice will be filed with the Clerk of the Superior Court of New Jersey, Essex County promptly after the filing of this Notice.

9.      Defendants reserve the right to amend or supplement this Notice of Removal.

10.     Defendants reserve all defenses including, but not limited to, those defenses based on insufficiency of process, insufficiency of service of process, and lack of personal jurisdiction.

11.     As evidenced by their signature below, all Defendants consent to the removal of this matter.

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. §1441(c), and 1331 based on the existence of a federal question arising under the Constitution, laws, or treaties of the United States.

CARMAGNOLA & RITARDI, LLC
Attorneys Defendants, City of Newark, Municipal Council of the City of Newark and Keisha Daniels


By:  /s/Domenick Carmagnola
      Domenick Carmagnola (DC2414)
      Email: dcarmagnola@cr-law.net

DATED:  August 10, 2018


Lite DePalma Greenberg, LLC
Attorneys Defendant, Victoria Pratt


By: _____
      Victor A. Afanador, Esq. (        )
      Email: vafanador@litedepalma.com

DATED:


Chasan Lamparello Mallon & Cappuzzo, PC
Attorneys Defendant, Mayor Ras Baraka


By: _____
      James F. Dronzek (        )
      Email: jdronzek@chasanlaw.com

DATED:


Rainone Coughlin Minchello, LLC
Attorneys Defendant, Mildred Crump


By: _____
      Louis N. Rainone (          )
      Email: ): lrainone@njrcmlaw.com

DATED:

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. §1441(c), and 1331 based on the existence of a federal question arising under the Constitution, laws, or treaties of the United States.

CARMAGNOLA & RITARDI, LLC
Attorneys Defendants, City of Newark
And Keisha Daniels


By: _____
        Domenick Carmagnola (DC2414)
        Email: dcarmagnola@cr-law.net

DATED:


Lite DePalma Greenberg, LLC
Attorneys Defendant, Victoria Pratt

By: _____
        Victor A. Afanador, Esq. (     )
        Email: vafanador@litedepalma.com
        Bar #002101999

DATED:


Chasan Lamparello Mallon & Cappuzzo, PC
Attorneys Defendant, Mayor Ras Baraka


By: _____
        James F. Dronzek (     )
        Email: jdronzek@chasanlaw.com

DATED:


Rainone Coughlin Minchello,LLC
Attorneys Defendant, Mildred Crump


By: _____
        Louis N. Rainone (     )
        Email: ): lrainone@njrcmlaw.com

DATED:

3

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. §1441(c), and 1331 based on the existence of a federal question arising under the Constitution, laws, or treaties of the United States.

CARMAGNOLA & RITARDI, LLC
Attorneys Defendants, City of Newark
And Keisha Daniels


By: _____
        Domenick Carmagnola (DC2414)
        Email: dcarmagnola@cr-law.net

DATED:


Lite DePalma Greenberg, LLC
Attorneys Defendant, Victoria Pratt


By: _____
        Victor A. Afanador, Esq. (          )
        Email: vafanador@litedepalma.com

DATED:


Chasan Lamparello Mallon & Cappuzzo, PC
Attorneys Defendant, Mayor Ras Baraka


By:_____
        James F. Dronzek (JD8342)
        Email: jdronzek@chasanlaw.com

DATED: 8/8/2018


Rainone Coughlin Minchello, LLC
Attorneys Defendant, Mildred Crump


By: _____
        Louis N. Rainone (          )
        Email: ): lrainone@njrcmlaw.com

DATED:


3

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. §1441(c), and 1331 based on the existence of a federal question arising under the Constitution, laws, or treaties of the United States.

CARMAGNOLA & RITARDI, LLC
Attorneys Defendants, City of Newark
And Keisha Daniels


By: _____
       Domenick Carmagnola (DC2414)
       Email: dcarmagnola@cr-law.net

DATED:


Lite DePalma Greenberg, LLC
Attorneys Defendant, Victoria Pratt


By: _____
       Victor A. Afanador, Esq. (     )
       Email: vafanador@litedepalma.com

DATED:


Chasan Lamparello Mallon & Cappuzzo, PC
Attorneys Defendant, Mayor Ras Baraka


By: _____
       James F. Dronzek (    )
       Email: jdronzek@chasanlaw.com

DATED:


Rainone Coughlin Minchello, LLC
Attorneys Defendant, Mildred Crump


By: _____
       Conor J. Hennessey, Esq. (202292017)
       Email: chennessey@njrcmlaw.com

DATED: 8/8/18

# EXHIBIT 1

Christopher Roberts (#001351995)
Attorney at Law
7 Glenwood Avenue
Suite 401
East Orange, New Jersey 07017
(973)-673-0600
Attorney for Plaintiff

---

Vanessa Williams Powell

       Plaintiff,

vs.

City of Newark,
Municipal Council of the City of Newark,
President Mildred Crump, Judge Victoria Pratt,
Mayor Ras Baraka, Keisha Daniels,
John Does(1-10), Jane Does (1-10),
ABC Corp. (1-10), ABC Governmental
Entity (1-10),
Jointly, Individually, Severally.

       Defendants.

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION: ESSEX COUNTY**
**DOCKET NO:**

       Civil Action

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Vanessa Williams Powell residing in the City of Newark, County of Essex, State of New Jersey, complaining of defendant(s), alleges as follows:

### (STATEMENT OF FACTS FOR ALL CLAIMS)

1. Plaintiff Vanessa Williams Powell was appointed as a Municipal Court Judge for the City of Newark in or about 2002.

1

2.  At all relevant times, Defendant City of Newark was and is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 920 Broad Street, Newark, New Jersey.

3.  At all relevant times, Defendant City of Newark Municipal Council was and is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 920 Broad Street, Newark, New Jersey.

4.  At all relevant times, Defendants Mildred Crump President of the City of Newark Municipal Council, Judge Victoria Pratt, Mayor Ras Baraka,  Keisha Daniels, John Does (1-10), Jane Does (1-10), ABC Corporation (1-10), ABC Governmental Entity (1-10), were in the employ of Defendant City of Newark whose location is at 920 Broad Street, Newark, New Jersey and were the agents, employees, representatives, servants of Defendant City of Newark.

5.  At all relevant times, Defendants Mildred Crump President of the City of Newark Municipal Council, Judge Victoria Pratt, Mayor Ras Baraka,  Keisha Daniels John Does (1-10), Jane Does (1-10), ABC Corporation (1-10), ABC Governmental Entity (1-10) aided and abetted in the discriminatory conduct against Plaintiff.

6.  Upon information and belief, Defendants including but limited to the City of Newark Municipal Council, President Mildred Crump, Mayor Ras Baraka, Judge Victoria Pratt, Keisha Daniels, denied reappointment of Plaintiff as a Municipal Court Judge on or about May 5, 2017.

7.  Upon information and belief, Plaintiff's salary as a Municipal Court Judge for the City of Newark was approximately $128,000.00 with benefits at the time Defendants removed Plaintiff from the bench.

2

8. Upon information and belief, on or about August 4, 2017, Plaintiff filed a Notice of Claim under the New Jersey Tort Claims Act.

9. Upon information and belief, Plaintiff met and continued to meet her employment expectations as a Municipal Court Judge at the time of her termination/removal/ non-reappointment.

10. Upon information and belief, Defendants including but limited to the City of Newark Municipal Council, President Mildred Crump, Mayor Ras Baraka, Judge Victoria Pratt, replaced Plaintiff with Ashlie Gibbons, a male attorney, on or about May 31, 2017.

11. Upon information and belief, on or about May 5, 2017, Plaintiff spoke with Judge Pratt regarding an issue about "bail duty" in Judge Pratt's office. Afterwards around 4 p.m., Plaintiff was in conference with Albert Morozik, Esq., the Municipal Prosecutor and Vito Maza, Esq. a defense attorney at the time, Judge Pratt came to Plaintiff's courtroom chambers and asked Mr. Morozik and Mr. Maza to excuse themselves and then asked Plaintiff had she (Plaintiff) been drinking before coming to work. Plaintiff replied no. Judge Pratt said to Plaintiff that "when you left my office, I smelled a whiff of alcohol." Judge Pratt told Plaintiff that she (Judge Pratt) had not had a drink in 3 years. Plaintiff did not respond to Judge Pratt's comment and thought that was the end of the topic.

12. Upon information and belief, Plaintiff had come to work on May 5, 2017 at about 2 p.m. to perform wedding ceremonies at that time. Plaintiff performed approximately 10 wedding ceremonies that day with her court interpreter Ruth being present.

13. Upon information and belief, Plaintiff took the bench and began her evening session. Plaintiff took the bench everyday thereafter until May 17, 2017 when Plaintiff attended a State Bar Conference.

3

14. Upon information and belief, on or about May 22, 2017, Plaintiff returned to work from the State Bar Conference. The Court Director James Simpson insisted that Plaintiff meet with him prior to taking the bench. Mr. Simpson handed Plaintiff a letter from Mayor Ras Baraka which stated that Plaintiff's services were no longer needed effective May 26, 2017. Mr. Simpson told Plaintiff that Keisha Daniels brought the letter over to him. Plaintiff had never heard of the name Keisha Daniels, but later found out that Ms. Daniels was the Director of Human Resources.

15. Upon information and belief, on or about May 22, 2017, Plaintiff made several calls to find out why Mayor Baraka wanted to get rid of her. Plaintiff was eventually told that Judge Pratt wrote a letter to Mayor Baraka stating that Plaintiff was drunk. Plaintiff then contacted her councilman, Joe McCullum about this information and he responded with shock because Mayor Baraka had not spoken to him (McCullum) about nor had the council voted on it at that time.

16. Upon information and belief, on or about May 22, 2017, Plaintiff e-mailed Judge Pratt requesting a copy of the letter that Judge Pratt wrote. Judge Pratt's assistant, Audrey Grant, advised Plaintiff that she was not authorized to release a copy of the letter to Plaintiff.

17. Upon information and belief, on or about May 31, 2017, the Municipal Council met with Mildred Crump as the President, and the council went into executive session and refused to let Plaintiff in the session. Mr. McCullum told Plaintiff that the council would not let her in because she was going to sue them. However, Mayor Baraka, Judge Pratt and Ashlie Gibbons were present for the session. The Municipal Council came out of the executive session and voted unanimously against Plaintiff. Mr. McCullum informed Plaintiff that Mayor Baraka argued that no matter what, he (Mayor Baraka) had the right to remove

4

Plaintiff and that the Council should honor his request and the Council did. Keisha Daniels later advised Plaintiff that Judge Gibbons has been confirmed and that Plaintiff no longer needed to report to work.

18. Upon information and belief, Plaintiff say Mayor Baraka when he was leaving the session and asked why would he terminate her (Plaintiff) based on a single complaint. Mayor Baraka told Plaintiff that it was not the first complaint. Plaintiff learned that Judge Pratt had gone to Mayor Baraka previously verbal complaint alleging that Plaintiff was drunk or had a drinking problem. Judge Pratt had never expressed any suspicion to Plaintiff about her (Judge Pratt) belief that Plaintiff was drunk on the job or had a drinking problem.

19. Upon information and belief, as a result of her termination from the bench, Plaintiff fell into a deep depression. Plaintiff began sleeping on her living room floor. Plaintiff refused to leave her house and has not been gainfully employed since termination.

## COUNT ONE

### (WRONGFUL TERMINATION)

1.Plaintiff repeats and alleges each and every allegation set for the in  Statement of Facts For All Claims and above as if fully set forth again at length

2. Shortly after her denial of drinking on the job on or about May 5, 2017. Defendants terminated Plaintiff on or about May 22, 2017.  The Defendants' conduct appears to be in retaliation for having a perceived condition of alcoholism. Defendants have wrongfully discharged Plaintiff from her position as a Municipal Court Judge in violation of a clear mandate of public policy.

3. As a proximate cause of defendants' breach of covenant of good faith and fair dealing, plaintiff has suffered and continues to suffer substantial losses in earnings, retirement benefits and other employee benefits that he would have received had defendant not retaliated against him.

4. As a further proximate result of the above-mentioned acts, plaintiff has suffered economic losses, humiliation, mental pain and anguish.

COUNT TWO

(BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

1.     Plaintiff refers to the allegations set forth in the Statement of Facts For All Claims and Counts One, by such reference repleads and incorporates them as though fully set forth herein.

2.     At all times relevant to this action, defendant has represented to employees in various writings, including but not limited to, personnel policies and procedure manuals, retirement plans, employee guidelines, letters of intent, that their employment relationship with defendants would be based on good faith, that employees would be treated fairly and equitably, that employees would be judged on the basis of individual merit and ability, and that employees would receive just benefits and protections for their services rendered to defendants. These provisions and representations form part of plaintiff's agreement with defendants.

3.     As a further proximate result of the above-mentioned acts, plaintiff has suffered economic losses, humiliation, mental pain and anguish.

7

## COUNT THREE

### (VIOLATION OF LAW AGAINST DISCRIMINATION N.J.S.A. 10:5-1 ET SEQ.)

1. Plaintiff refers to the allegations set forth, above and by such reference repleads and incorporates them as though fully set forth herein.

2. This action is brought pursuant to N.J.S.A. 10:5-1 et seq.. the New Jersey Law Against Discrimination which prohibits discrimination and retaliation against a person in the terms, conditions or privileges of employment on the basis of a perceived disability.

3. Those perceived as suffering from a particular disability are as much within a protected class as those who are actually disabled. See Rogers v. Campbell Foundry Co., 185 N.J. Super. 119 (App. Div. 1982).

4. Alcoholism is a disability under the New Jersey Law Against Discrimination. See Clowes v. Terminix International, 109 N.J. 575 (1988).

3. At all relevant times, N.J.S.A. 10:5-1 et seq., provided statutory jurisdiction over defendants. Defendants subjected plaintiff to wrongful termination because of plaintiff's perceived disability. Also, defendants failed to provide plaintiff with a reasonable accommodation when Defendants had the perception that Plaintiff had a drinking problem.

4. Plaintiff believes and alleges that her perceived disability of alcoholism was a substantial and determining factor in defendants' disparate treatment of plaintiff, retaliation against Plaintiff, wrongful termination of Plaintiff.

5. Defendants conduct as alleged in this complaint constitutes an unlawful employment practice in violation of N.J.S.A. 10:5-1 et seq. Defendants Mildred Crump President of the City of Newark Municipal Council, Judge Victoria Pratt, Mayor Ras Baraka, Keisha Daniels aided and abetted one another in the discrimination against plaintiff.

6. As a direct, foreseeable, and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort.

8

COUNT FOUR

(DEFAMATION  PER SE and INVASION OF PRIVACY AS TO DEFENDANT JUDGE PRATT)

1. Plaintiff refers to the allegations set forth, above and by such reference repleads and incorporates them as though fully set forth herein.

2.      Defendants Judge Pratt, in committing the above-described acts, intended to and did defame, slander, libel per se the character of the plaintiff and place her in a false light per se and invasion of privacy. Defendant Judge Pratt falsely communicated to Defendant Mayor Baraka both verbally and in writing that Plaintiff was drunk on the bench. Defendant Judge Pratt acted with reckless disregard in defaming plaintiff's character and reputation and placing her in a false light by accusing her of being intoxicated while presiding as a judge.

3.      As a direct result of the outrageous reckless acts and omissions, conduct by Judge Pratt, Plaintiff became distraught, embarrassed, suffered damage to her reputation as a jurist.

4.      Upon information or belief, there is no intra-corporate privilege to publish defamatory statements. Defendant Judge Pratt abused any qualified privilege that may have existed by her excessive publication that Plaintiff was drunk on the bench. Defendant Judge Pratt was negligent in any investigation of any allegation of perceived drunkenness by Plaintiff on the bench.

5.      Upon information and belief, despite Defendant Judge Pratt's belief that Plaintiff was drunk on the job, Defendant Judge Pratt still allowed Plaintiff to continue to preside over cases in the court on May 5, 2017 and through May 17, 2017.

9

COUNT FIVE

(DEFAMATION PER SE and INVASION OF PRIVACY AS TO DEFENDANT MAYOR BARAKA)

1. Plaintiff refers to the allegations set forth, above and by such reference repleads and incorporates them as though fully set forth herein.

2. Defendants Mayor Baraka, in committing the above-described acts, intended to and did defame, slander, libel, per se the character of the plaintiff and place her in a false light per se and invasion of privacy. Defendant Mayor Baraka falsely communicated to Defendants Municipal Council for the City of Newark and President Mildred Crump both verbally and in writing that Plaintiff was drunk on the bench. Defendant Mayor Baraka acted with reckless disregard in defaming plaintiff's character and reputation and placing her in a false light by accusing her of being intoxicated while presiding as a judge.

3. As a direct result of the outrageous reckless acts and omissions, conduct by Defendant Mayor Baraka, Plaintiff became distraught, embarrassed. suffered damage to her reputation as a jurist.

4. Upon information or belief, there is no intra-corporate privilege to publish defamatory statements. Defendant Mayor Baraka abused any qualified privilege that may have existed by his excessive publication that Plaintiff was drunk on the bench. Defendant Judge Pratt was negligent in any investigation of any allegation of perceived drunkenness by Plaintiff on the bench.

5. Upon information and belief, despite Defendant Judge Pratt's belief that Plaintiff was drunk on the job, Defendant Judge Pratt still allowed Plaintiff to continue to preside over cases in the court on May 5, 2017 and through May 17, 2017.

## COUNT SIX

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

1. 1. Plaintiff refers to the allegations set forth, above and by such reference repleads and incorporates them as though fully set forth herein.

2. Defendants in committing the above-described acts. intended to and did inflict emotional distress upon Plaintiff. Defendants acted with a reckless disregard of the probability of causing Plaintiff emotional distress.

3. As a direct result of the outrageous acts and omissions. conduct and discrimination, Plaintiff became physically distraught and suffered severe emotional distress.

## COUNT SEVEN

### (INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

1. Plaintiff refers to the allegations set forth, above and by such reference repleads and incorporates them as though fully set forth herein.

2. Defendants Judge Pratt and Mayor Baraka committing the above-described acts. intended to and did defame the character of the plaintiff and place her in a false light per se. Defendants acted with reckless disregard in defaming plaintiff's character and reputation and placing her in a false light being accusing her of being drunk on the job and disclosing such information to the City of Newark Municipal Council and President Mildred Crump who were not on a need to know basis and for communicating this false allegation which led to the Municipal Council to terminate Plaintiff.

3. As a direct result of the outrageous acts and omissions, conduct, plaintiff became distraught. Defendants' conduct interfered with Plaintiff's prospective economic advantage by

11

defaming Plaintiff to which led to Plaintiff's termination from her employment thus causing Plaintiff to suffer economic losses.

    4.    Upon information or belief, there is no absolute privilege to publish defamatory statements.

## COUNT EIGHT

### (VIOLATION OF NEW JERSEY LAW CIVIL RIGHTS ACT N.J.S.A. 10:6-1 et seq.)

1. Plaintiff refers to the allegations set forth, above and by such reference repleads and incorporates them as though fully set forth herein.

2. The State of New Jersey and/or any individual subject to the Constitution of New Jersey

3. Defendants violated plaintiff's rights under the Constitution of New Jersey thus liable in damages , proximately caused by the defendants' violation,

    Where such rights include:

    a)  The right to acquire, possess, and protect property;

    b)  The right to equal protection of the law;

    c)  The right to due process;

    d)  The right not to be denied or discriminated against in any civil right;

    e)  The right to pursue and obtain safety and happiness

4. Upon information and belief, all defendants were acting under color of law and deprived, interfered and/or attempted to interfere with the exercise or enjoyment by Plaintiff of any substantive due process or equal protection rights, privileges, or immunities secured by the

12

NJ Constitution or any substantive rights, privileges, or immunities secured by the Constitution or laws of the State of New Jersey Article I, and Fourth, Fifth, Fourteenth Amendment right to equal protection and are liable to the plaintiff for her damages and/or for injunctive or other appropriate relief.

5. Upon information and belief, Defendants acting under color of state law willfully and intentionally, knowingly deprived Plaintiff of her rights, privileges afforded to her under the Constitution of New Jersey. Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice, disparate treatment and retaliation, in violation of the New Jersey Civil Rights Act 10:6-1 et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against all Defendants, individually, jointly, severally and each of them for all aforementioned claims, for the following injunctive and monetary relief as follows:

1. An order compelling Defendants to take prompt appropriate and effective corrective measures, including those that effect all supervisors and personnel, to prevent abuse, harassment, bullying and discrimination complained of in this Complaint by any employee, agent, and/or representative toward any member of the City of Newark community.

2. An order reinstating Plaintiff to the position of employment that she held at the time of termination and be made whole.

3. An order enjoining Defendants from taking retaliatory action of any type against any employees for reporting to or objecting to Defendants' improper activities, policies, and/or practices believed to be in violation of contract, law, rule, and/or regulation promulgated pursuant to law.

4. Any other prospective injunctive relief that the Court deems just and appropriate

5. For compensatory damages including lost wages and benefits front pay, back pay, and emotional distress damages

13

6. Punitive damages

7. Pain and suffering

8. Attorney fees and costs, plus interest

9. For such other and further relief as the Court deems proper.

By:_____

Christopher C. Roberts, Esq.

Dated: July 8, 2018

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.



By:_____
Christopher C. Roberts, Esq.

Dated: July 8, 2018

## DESIGNATION OF TRIAL COUNSEL

Christopher C. Roberts, Esq. is hereby designated as trial counsel.

By:_____
Christopher C. Roberts, Esq.

Dated: July 8, 2018

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

By:_____
Christopher C. Roberts, Esq.

Dated: July 8, 2018

15

**Appendix XII-B1**

| | CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|



| CIVIL CASE INFORMATION STATEMENT (CIS)<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**<br>**if information above the black bar is not completed**<br>**or attorney's signature is not affixed** | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
|---|---|
| | CHG/CK NO. |
| | AMOUNT: |
| | OVERPAYMENT: |
| | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Christopher C. Roberts | TELEPHONE NUMBER<br>(973) 673-0600 | COUNTY OF VENUE<br>Essex ▾ |
|---|---|---|
| FIRM NAME (if applicable)<br>Law Office of Christopher C. Roberts, LLC | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS<br>7 Glenwood Avenue, Suite 401, East Orange, NJ 07017 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Vanessa Williams Powell | CAPTION<br>Vanessa Williams Powell v. City of Newark, Municipal Council of the City of Newark, President Mildred Crump, Judge Victoria Pratt, Mayor Ras Baraka, Keisha Davis, Janes Does (1-10), John Does (1-10), ABC |
|---|---|
| CASE TYPE NUMBER<br>(See reverse side for listing)<br>618 | HURRICANE SANDY RELATED?<br>☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|
| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION |

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
|---|---|
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ No |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION
Wrongful termination of employment

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

ATTORNEY SIGNATURE:

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

### Track III - 450 days' discovery
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
| | | |
|---|---|---|
| 271 ACCUTANE/ISOTRETINOIN | 292 | PELVIC MESH/BARD |
| 274 RISPERDAL/SEROQUEL/ZYPREXA | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 FOSAMAX | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 LEVAQUIN | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 YAZ/YASMIN/OCELLA | 300 | TALC-BASED BODY POWDERS |
| 289 REGLAN | 601 | ASBESTOS |
| 290 POMPTON LAKES ENVIRONMENTAL LITIGATION | 623 | PROPECIA |
| 291 PELVIC MESH/GYNECARE | 624 | STRYKER LFIT CoCr V40 FEMORAL HEADS |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

### Please check off each applicable category ☐ Putative Class Action ☐ Title 59

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-004727-18**

**Case Caption:** POWELL VANESSA  VS CITY OF NEWARK

**Case Initiation Date:** 07/09/2018

**Attorney Name:** CHRISTOPHER C ROBERTS

**Firm Name:** CHRISTOPHER C. ROBERTS

**Address:** 7 GLENWOOD AVENUE SUITE 401

EAST ORANGE NJ 07017

**Phone:**

**Name of Party:** PLAINTIFF : Powell, Vanessa, W

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** NJ eCourts Case Initiation Confirmation

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
Wrongful Termination of Employment

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/09/2018
Dated

/s/ CHRISTOPHER C ROBERTS
Signed

# EXHIBIT 2

Referral Service, and if you can not afford an attorney, you may communicate with the Legal Services of Essex County.  The following are the telephone numbers of same:

Newark Legal Services:        (973) 624-4500
Essex County Legal Aid:       (973) 622-1513
Essex-Newark Legal Services (Senior Citizens)      (973) 672-3838
Essex-Newark Legal Services (Hispanic)  (973) 642-8707
New Jersey State Bar Association (609) 304-1101

Christopher C. Roberts, Esq.
7 Glenwood Avenue
Suite 401
East Orange, New Jersey  07017
(973)-673-0600

|  |  |
|---|---|
| | SUPERIOR COURT OF NEW JERSEY |
| | ESSEX COUNTY: LAW DIVISION |
| Vanessa Williams Powell | Docket No: ESX-L-004727-18 |
| **Plaintiff,** | |
| | |
| **vs.** | **CIVIL ACTION** |
| | |
| City of Newark, | |
| Municipal Council of the City of Newark, | |
| President Mildred Crump, Judge Victoria Pratt, | |
| Mayor Ras Baraka, Keisha Daniels, | |
| | |
| John Does (1-10), | |
| Jane Does (1-10), ABC Corp. (1-10) | **SUMMONS** |
| | |
| **Defendant.** | |

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S)
City of Newark,

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (The address of each deputy clerk of the Superior Court is provided)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625.  A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney you may call the Legal Services office in the county where you live.  A list of these offices if provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

Dated: 7/9/18                              Michelle Smith,  Clerk of Superior Court

Name of Defendant to be serve:  City of Newark,
Address for service:  920 Broad Street, Newark, New Jersey 07102

# EXHIBIT 3

Referral Service, and if you can not afford an attorney, you may communicate with the Legal Services of Essex County.  The following are the telephone numbers of same:

Newark Legal Services: (973) 624-4500
Essex County Legal Aid: (973) 622-1513
Essex-Newark Legal Services (Senior Citizens) (973) 672-3838
Essex-Newark Legal Services (Hispanic) (973) 642-8707
New Jersey State Bar Association (609) 304-1101

Christopher C. Roberts, Esq.
7 Glenwood Avenue
Suite 401
East Orange, New Jersey 07017
(973)-673-0600

|  |  |
|---|---|
| | SUPERIOR COURT OF NEW JERSEY |
| | ESSEX COUNTY: LAW DIVISION |
| Vanessa Williams Powell | Docket No: ESX-L-004727-18 |
| Plaintiff, | |
| | |
| vs. | CIVIL ACTION |
| | |
| City of Newark, | |
| Municipal Council of the City of Newark, | |
| President Mildred Crump, Judge Victoria Pratt, | |
| Mayor Ras Baraka, Keisha Daniels, | |
| | |
| John Does (1-10), | |
| Jane Does (1-10), ABC Corp (1-10) | SUMMONS |
| | |
| Defendant. | |

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S)
Keisha Daniels,

 The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (The address of each deputy clerk of the Superior Court is provided)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625.  A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

 If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

 If you cannot afford an attorney you may call the Legal Services office in the county where you live.  A list of these offices if provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

Dated: 7/6/18      Michelle Smith,  Clerk of Superior Court

Name of Defendant to be serve:  Keisha Daniels,

Address for service:  920 Broad Street, Newark, New Jersey 07102