NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VANESSA WILLIAMS POWELL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, *et al.*,<br><br>Defendants. | Civil Action No.: 18-cv-12651<br><br>**OPINION** |

**CECCHI, District Judge.**

**I.      INTRODUCTION**

This matter comes before the Court on Defendant Kecia Daniels' ("Daniels" or "Defendant") motion to dismiss. ECF No. 8. Plaintiff Vanessa Williams Powell ("Plaintiff") opposed the motion (ECF No. 13) and Defendant replied in support of the motion (ECF No. 20). The Court has considered the submissions made in support of and in opposition to the instant motion. This motion is decided without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion is **GRANTED**.

**II.     BACKGROUND**

Plaintiff filed a complaint (the "Complaint") on July 9, 2018 in the Superior Court of New Jersey, Law Division, Essex County. Notice of Removal, ECF No. 1. Daniels and the City of Newark removed the case to the United States District Court for the District of New Jersey on August 10, 2018. Id. Daniels filed the instant motion to dismiss the Complaint on August 31, 2018.

Plaintiff served as a Municipal Court Judge for the City of Newark from 2002 through 2017. Compl. ¶¶ 1, 6, ECF No. 1 Ex. 1. Plaintiff was denied reappointment of her post as a Municipal Court Judge on or about May 5, 2017. Id. ¶ 6.  The Complaint names the following

1

defendants: City of Newark, Municipal Council of the City of Newark, Mildred Crump as President of the Municipal Council of the City of Newark, Judge Victoria Pratt, Mayor Ras Baraka, Keisha Daniels, John Does (1-10), Jane Does (1-10), ABC Corp., and ABC Governmental Entity. Id at 2.

This case arises out of an employment dispute. According to the Complaint, Plaintiff was appointed as a Municipal Court Judge for the City of Newark in 2002. Id. ¶ 1. On or about May 5, 2017, Plaintiff spoke with Judge Pratt in Judge Pratt's office about bail duty. Id. ¶ 11. Later that same day, Judge Pratt came to Plaintiff's chambers and asked if Plaintiff had been drinking. Id. Plaintiff responded that she had not been drinking and had not had a drink in three years. Id. Judge Pratt stated that she smelled alcohol after Plaintiff left her office. Id. On May 22, 2017, Plaintiff went to take the bench and was told instead to meet with court director James Simpson. Id. ¶ 14. Mr. Simpson gave Plaintiff a letter from Mayor Baraka stating that Plaintiff was no longer needed as a Municipal Court Judge. Id. Mr. Simpson told Plaintiff that the letter was given to him by Daniels. Id. Plaintiff did not know Daniels and was unaware of her official position, but later found out that Daniels was the Director of Human Resources for the City of Newark. Id. Plaintiff made a number of phone calls to ascertain why she was no longer needed as a Municipal Court Judge and was told that Judge Pratt wrote a letter to Mayor Baraka informing him that Plaintiff had been intoxicated in the workplace. Id. ¶ 15. On May 31, 2017, the Municipal Council of the City of Newark held an executive session that Plaintiff attempted to attend. Id. ¶ 17. Plaintiff was denied entry to the executive session because Plaintiff was likely going to sue the council. Id. Plaintiff was informed that Mayor Baraka argued that he had the right to remove Plaintiff from her position and the executive session unanimously voted to remove Plaintiff from her position. Id. Plaintiff confronted Mayor Baraka after the executive session and he told her that he had previously received a verbal complaint from Judge Pratt about Plaintiff's intoxication in the workplace. Id. ¶ 18. Plaintiff states that since her termination as a Municipal Court Judge, she has suffered from

depression, refused to leave her house, and is unable to obtain gainful employment. Id. ¶ 19.

The Complaint contains eight Counts: Count One (wrongful termination), Count Two (breach of the implied covenant of good faith and fair dealing), Count Three (violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1, *et seq.*), Count Four (defamation and invasion of privacy claims against defendant Judge Pratt, Count Five (defamation and invasion of privacy claims against defendant Mayor Baraka), Count Six (intentional infliction of emotional distress), Count Seven (intentional interference with prospective economic advantage), and Count Eight (violation of the New Jersey Civil Rights Act § 10:6-1, *et seq.*). Id. at 6–13.

### III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of* Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*. 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated

. . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *See Fowler v. UPMC Shadvside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (internal citations omitted).

## IV.     **DISCUSSION**

Daniels argues that Plaintiff's Complaint should be dismissed because it "is littered with conclusory statements and legal conclusions that Defendant, Kecia Daniels, unlawfully discriminated against her, which is insufficient to sustain a claim." Def. Br. at 7, ECF No. 8-1. Daniels asserts that the only factual allegations made in the Complaint regarding her are that "1) she is the Director of Human Resources; 2) she delivered a letter from Mayor Baraka to Mr. Simpson, that was then delivered to Plaintiff advising Plaintiff that her services were no longer needed; and 3) [] Daniels contacted Plaintiff after the Mayor and City Council had terminated her employment to inform Plaintiff that she no longer needed to report to work." Id. at 7–8. Even accepting these allegations as true (as the Court must do at this stage of the case), Daniels argues that these facts cannot support any of the counts in the Complaint. Id. at 8.

Plaintiff opposes Daniel's motion to dismiss by arguing that she has alleged that "defendant City of Newark discriminated against Plaintiff on the basis of a perceived disability and such actions were carried out by all defendants including the Mayor of Newark with the aid of the Human Resource Director Kecia Daniels." Opp. at 3, ECF No. 13. Plaintiff argues that Daniels, as the Director of Human Resources for the City of Newark, specifically had a duty to attempt to accommodate Plaintiff's disability and carried out Mayor Baraka's decision to terminate Plaintiff from her position. *See id*. at 4 ("Plaintiff does allege that Defendants including Defendant Human Resource Director Daniels did not attempt to accommodate her perceived disability, that defendant Daniels delivered the Plaintiff's termination letter to the Defendant Municipal Council and defendant Daniels verbally informed Plaintiff not to report to work ").

4

The Court agrees with Daniels that there are insufficient factual allegations in the Complaint to plausibly state a claim against her. The Complaint does not contain any allegations that Daniels knew of Plaintiff's alleged issues with alcohol or that Daniels treated Plaintiff any differently based on her alleged issues with alcohol. The Complaint does not allege that Plaintiff requested an accommodation for her alleged issues with alcohol from Daniels or that Daniels denied Plaintiff any such accommodation. All that the Complaint alleges is that Daniels handed a letter to James Simpson which was then given to Plaintiff, and that Daniels spoke to Plaintiff after she had been terminated by the Municipal Council. Compl. ¶¶ 14, 17, ECF No. 1 Ex. 1.[1] Plaintiff's opposition to the motion to dismiss argues that the Complaint sufficiently states a prima facie NJLAD claim against Daniels' based on these facts. Opp. at 3, ECF No. 13. Plaintiff states that the elements of an NJLAD claim are (1) Plaintiff is either disabled or is perceived as disabled (2) Plaintiff is qualified to perform the essential functions of the position of employment and (3) suffered an adverse employment action because of the disability or perceived disability. Id. (citing *Victor v. State*, 203 N.J. 383 (2009). The Complaint does not, however, contain any plausible allegations that Daniels knew of Plaintiff's alleged alcohol issues or was involved in an adverse employment decision as to Plaintiff.  Therefore, two of the three elements above are not met with respect to the NJLAD claim against Daniels. Furthermore, the NJLAD permits individual liability only under an "aiding and abetting theory." *Cicchetti v. Morris Cty. Sheriff's Office*, 194 N.J. 563, 568 (2008). To allege aiding and abetting in the NJLAD context, Plaintiff must show "active and purposeful

---

[1] As Daniels aptly states in her papers, "[t]he only thing one can infer from the above is that [] Daniels acted as a messenger, and Plaintiff does not get to sue the messenger without sufficient facts to support the same." Def. Br. at 7, ECF No. 8-1.  The Court also notes that Plaintiff, in her opposition, admits that she lacks factual support that Daniels was involved in her termination but claims, nonetheless, that it is incredulous to believe that Mayor Baraka could have terminated Plaintiff without Daniels' involvement. Opp. at 3–4, ECF No. 13.

conduct" by the individual in question, which requires the individual to knowingly and substantially aid the party who performed a wrongful act and be aware of her role in the illegal act. *Id.* at 594. Again, the Complaint fails to allege that Daniels knew of Plaintiff's alleged alcohol issues, was aware of any wrongful conduct with respect to Plaintiff's employment, or substantially assisted in wrongful conduct with respect to Plaintiff's employment. Accordingly, Plaintiff's NJLAD claim fails based on the allegations contained in the current Complaint.[2]

## V. **CONCLUSION**

For the reasons above, Defendant's motion to dismiss is **GRANTED**, and the Complaint is dismissed without prejudice. The Court grants Plaintiff thirty (30) days from the date of this Opinion to file an amended complaint to address the pleading deficiencies described herein. An appropriate Order accompanies this Opinion.

**DATE**: June 29, 2020

                                                                             **CLAIRE C. CECCHI, U.S.D.J.**

---

[2] The Court notes that pending before it are also the motion to dismiss filed by Defendant Victoria Pratt (ECF No. 21) and the motion for judgment on the pleadings filed by Defendant Mildred Crump (ECF No. 30). As the Complaint is dismissed without prejudice for the reasons noted above and Plaintiff must file an amended complaint to proceed in this matter, the Court will not reach Defendant Pratt's or Defendant Crump's motions at this time. Plaintiff is, however, guided to include all necessary factual allegations to support all of her claims against each named Defendant and to describe the specific actions each named Defendant allegedly took that led to her dismissal. *See 8 Erie St. JC LLC v. City of Jersey City,* No. 19-9351, 2020 WL 2611540, at *3 (D.N.J. May 21, 2020) ("In this instance, Plaintiff falls short of the requirement that it plead specific facts as to each Defendant's involvement in the alleged wrongdoing. Instead, Plaintiff frequently groups the Defendants together and simply alleges that collectively, Defendants acted improperly. . . . . Without sufficient factual allegations pertaining to each Defendant's wrongdoing, the Complaint is not plausibly pled.").